UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:20 CR 470** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **JEFFREY LEWIS,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 115). For the following reasons, the motion is DENIED.

**Facts**

On September 3, 2020, defendant, along with co-defendants Wusbaldo Maldonado and Rico Polk, were indicted on charges related to their involvement in a drug conspiracy. In October 2019, after the Drug Enforcement Agency ("DEA") learned from a confidential informant that Maldonado would be overseeing a deal to purchase a large amount of cocaine in Cleveland, an undercover DEA agent posed as the cocaine seller and began communicating with Maldonado. Upon Maldonado's arrival in Cleveland, he met with the agent who then took him to a warehouse, where defendant picked him up. During recorded phone conversations, defendant stated that he was working with cocaine buyers on a deal that would involve at least 50 kilograms of cocaine.

On the day the deal was to occur, Maldonado and defendant arrived at an abandoned garage, where they called the agent and told him they had the money for the purchase of cocaine.

Maldonado sent the agent pictures of defendant with several suitcases of cash. Two other vehicles, both belonging to Polk, also arrived at the garage. Eventually, the vehicles left. DEA agents stopped the vehicle with defendant and Maldonado inside, but they were eventually released. Maldonado communicated with the agent about finalizing the deal the next day. However, Maldonado later informed the agent that the buyers had changed their minds due to the police stop outside of the garage. No cocaine or money was exchanged.

On September 3, 2020, the government filed an original indictment against defendant. On March 3, 2022, the government filed a superseding indictment, wherein defendant was charged with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (Count One) and one count of attempted possession of five kilograms or more of cocaine with intent to distribute (Count Two), both in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). The superseding indictment also indicated that defendant had two prior "serious drug felony" convictions from 2001 and 2006 that would result in an enhanced sentence. While the charges were the same as those in the original indictment, the original indictment only identified one of defendant's prior "serious drug felony" convictions. Because of the two prior convictions, defendant's mandatory minimum prison sentence increased from 10 years to 25 years on both charges if convicted.

On March 8, 2022, defendant and the government entered into a plea agreement. As part of the plea agreement, the government agreed to the following: dismiss Count Two, pursue only the 2006 "serious drug felony" enhancement, and jointly recommend a sentence of 180 months, among other terms. The Court accepted defendant's plea of guilty and he was sentenced to 180 months of

2

imprisonment followed by 10 years of supervised release. Defendant did not appeal his conviction, which became final on July 20, 2022.

Defendant filed the instant motion on June 26, 2023. The government opposes the motion.[1]

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

**Discussion**

Defendant asserts he is entitled to relief due to ineffective assistance of counsel on four grounds: (1) his attorney failed to pursue an outrageous government conduct claim; (2) his attorney

---

[1] Due to the confusion over briefing deadlines, the Court will consider the government's opposition as timely.

3

failed to challenge the factual basis for his guilty plea; (3) his attorney failed to challenge the "serious drug felony" enhancement that was part of his plea agreement; and (4) his attorney had a conflict of interest.

To succeed in establishing ineffective assistance of counsel, defendant must demonstrate that "(1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced him." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). Because defendant pleaded guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he . . . would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Judicial scrutiny of attorney performance is highly deferential and "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. "[C]ounsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353–54 (6th Cir. 1993).

**(1) Ground 1**

In Ground 1, defendant claims that his attorney was ineffective for not moving to dismiss the indictment because law enforcement engaged in a "reverse sting" that was so outrageous that it violated his due process rights.

4

"To establish outrageous government conduct, a defendant must show that the government's involvement in creating his crime (i.e., the means and degrees of inducement) was so great that a criminal prosecution for the [crime] violates the fundamental principles of due process." *United States v. Blood*, 435 F.3d 612, 629 (6th Cir. 2006) (citations omitted). However, "the Sixth Circuit has not adopted the outrageous government conduct defense." *United States v. Miller*, 696 F. App'x 696, 699 (6th Cir. 2017). In *United States v. Tucker*, the court recognized that "there is no authority in this circuit which holds that the government's conduct in inducing the commission of a crime, if 'outrageous' enough, can bar prosecution of an otherwise predisposed defendant under the Due Process Clause of the Fifth Amendment." 28 F.3d 1420, 1424 (6th Cir. 1994). Therefore, defendant's claim fails.

Even if available, the defense would lack merit. The government did not instigate the criminal activity. Instead, the government engaged in investigatory conduct using an undercover agent to pose as the cocaine seller only after learning of the planned drug deal from a confidential informant. *See United States v. Russell*, 411 U.S. 423, 431–32 (1973) (finding no due process violation where government agent supplied chemical in preexisting drug enterprise). Thus, under the *Strickland* test, defendant cannot show that his counsel was ineffective for not pursing the defense, nor can he establish any prejudice because of his attorney's decision.

Based on the foregoing, defendant is not entitled to relief on Ground 1.

**(2) Ground 2**

In Ground 2, defendant claims that his attorney was ineffective for failing to raise the argument that his guilty plea did not prove that there were at least five kilograms of cocaine in Count One as required under Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Defendant

5

appears to contend that the word "detectable" in the language of the statute would require the government to demonstrate "the weight of a controlled substance . . . which can be discovered by accepted Methods of Analysis." (Doc. 122, PageID# 811.) In other words, because no drugs were exchanged, there was no "detectable" amount of cocaine to serve as the basis for Count One.

This argument lacks merit. As the government points out, Count One charged defendant under 21 U.S.C. § 846 with conspiracy to commit an offense that would violate 21 U.S.C. § 841. Defendant was not charged on a substantive drug possession or distribution charge under § 841. The government was not required to prove possession or transaction of any amount of actual cocaine. *See United States v. Williams*, 553 U.S. 285, 300 (2008) (explaining "impossibility of completing the crime because the facts were not as the defendant believed is not a defense" to a charge of conspiracy or attempt); *United States v. Pennell*, 737 F.2d 521, 525 (6th Cir. 1984) ("Congress intended to eliminate the impossibility defense in cases prosecuted under 21 U.S.C. §§ 841(a)(1) and 846."). Moreover, the factual basis in the plea agreement signed by defendant and accepted by this Court established that the conspiracy involved 50 kilograms or more of cocaine. (Doc. 84, PageID# 562, 565-66.) As a result, defendant cannot establish that his counsel was ineffective for failing to challenge the factual basis for his guilty plea, nor can he demonstrate prejudice resulting from his failure to do so.

On this basis, defendant is not entitled to relief on Ground 2.

**(3) Ground 3**

In Ground 3, defendant claims that his attorney was ineffective for not challenging the sentencing enhancement for his prior "serious drug felony" conviction. First, defendant argues that the government failed to file a notice under 21 U.S.C. § 851 specifying the prior convictions upon

6

which it intended to rely, as required. As a result, his 180-month sentence is illegal, and he is entitled to resentencing. Second, defendant argues that his prior federal convictions do not qualify as "serious dug felony" convictions for purposes of the sentencing enhancement.

Because defendant was charged with conspiring to commit a violation of § 841(a)(1), if convicted, he would be subject to a sentence enhancement due to prior drug-related convictions. *See* 21 U.S.C. § 841(b). Where the government seeks to subject a defendant "to increased punishment by reason of one or more prior convictions, it must file an information with the court and with the defendant stating in writing the previous convictions upon which it intends to rely before trial or before entry of a guilty plea." *United States v. Layne*, 192 F.3d 556, 575 (6th Cir. 1999). The government need not cite the statute in the information it files. *See Layne*, 192 F.3d at 576 (explaining that the Sixth Circuit "has emphasized the importance of interpreting § 851's notice requirements so as to avoid elevating form over substance") (citations omitted). "[A] § 851 information is sufficient if it provides reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence." *Id*. (citing *United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997).

Defendant was informed of the government's intention to rely on his prior convictions for a sentencing enhancement in the superseding indictment and its trial brief. (Doc. Nos. 74, 78.) The two prior convictions were critical to the plea negotiations between the government and defendant's counsel, which resulted in the government not pursuing one of the convictions as part of the plea agreement. Defendant agreed in his plea agreement and plea colloquy that the 2006 prior conviction qualified as a "serious drug felony." (Doc. No. 84.) Thus, the government provided adequate notice of the prior convictions and possible sentencing enhancement. *Cummings v. United States*, 84 F.

7

App'x 603, 605 (6th Cir. 2003) (rejecting argument that counsel was ineffective for failing to raise similar argument "because the plea agreement and plea colloquy both plainly indicated that [the defendant] had been notified of the enhancement"). Defendant cannot establish that his counsel was ineffective for failing to raise the argument that the government did not provide the required notice of its intention to seek an enhanced sentence, nor can defendant demonstrate any prejudice resulting from his attorney's decision not to pursue it.

Defendant's second argument that his attorney was ineffective for not challenging the designation of his prior convictions as "serious drug felony" convictions also fails. A "serious drug felony" is any prior federal conviction under the Controlled Substances Act that carries a maximum term of imprisonment of at least ten years. 18 U.S.C. § 924(e)(2)(A)(i). Defendant's prior convictions from 2001 and 2006 were both federal convictions arising under the Controlled Substances Act. Both convictions carried a maximum term of imprisonment of at least ten years. In both cases, defendant served more than 12 months of imprisonment and his release from imprisonment was within 15 years of the commencement of the instant offense. 21 U.S.C. § 802(57). Defendant cannot establish that his attorney was deficient for failing to challenge his prior convictions as "serious drug felonies," nor can he demonstrate any prejudice resulting from his attorney's failure to do so.

Based on the foregoing, defendant is not entitled to relief on Ground 3.

**(4) Ground 4**

In Ground 4, defendant claims that his attorney was ineffective because he was the prosecutor in defendant's 1995 assault conviction in Cuyahoga County. Defendant argues that his

8

attorney's subsequent representation of him in the present case violated Ohio Rule of Professional Conduct 1.7 and defendant's Sixth Amendment right to counsel.

Ohio Rule of Professional Conduct 1.7 addresses conflicts of interest between attorneys and their current clients. It provides that "[a] lawyer's acceptance or continuation of representation of a client creates a conflict of interest if . . . there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests." Ohio R. Prof. Conduct 1.7(a)(2).

Defendant cannot establish he is entitled to relief based on ineffective assistance of counsel due to a purported conflict of interest under Professional Rule 1.7. There is no basis to find a substantial risk that the representation of defendant in this case would be materially limited by the attorney's prosecution of defendant in a completely unrelated case in 1995, nearly 25 years prior. Defendant does not argue that any confidential information from his 1995 case was at issue in this case, nor that his 1995 conviction had any bearing on the outcome of this case. Therefore, defendant does not demonstrate that a conflict of interest existed.

Moreover, "[t]o show a violation of the Sixth Amendment's right to conflict-free counsel, the petitioner must establish that the conflict actually affected his attorney's representation of him." *Thomas v. Robinson*, 583 F. Supp. 3d 1027, 1030 (N.D. Ohio 2022) (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). Even if the Court assumed a conflict of interest existed, the purported conflict did not affect representation of defendant. The attorney negotiated a favorable plea agreement for

defendant, reducing his mandatory minimum sentence by ten years, among other favorable terms.[2] Defendant has not shown a violation of his Sixth Amendment right to counsel.

Based on the foregoing, defendant is not entitled to relief on Ground 4.

**Conclusion**

For the foregoing reasons, defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

I T IS SO ORDERED.

                                                 /s/ Patricia A. Gaughan
                                                 PATRICIA A. GAUGHAN
Dated: 4/12/24                                United States District Judge

---

[2] On this basis, even if a conflict of interest existed, the Court also does not find any prejudice to defendant under the *Strickland* test.